HARDY, Judge.
This is a redhibitory action in which plaintiff seeks judgment against the defendant partnership and the individual members thereof in solido In the sum of $575, represented to be the purchase price of a Frostair Duplex Refrigerator and Freezer. A plea of prescription and exceptions of no cause and no right of 'action and of mis-joinder were filed on behalf of defendants, which were referred to the merits. After trial the District Judge noted in his written opinion that these pleadings had not been urged, and, accordingly, proceeded to dispose of the matter on the merits. There was judgment for plaintiff as prayed, from which defendants have appealed.
The exception of no' right and no cause of action has not been urged before this court, and we assume it has been abandoned. Such is not the case with respect to the other pleadings as both the plea of prescription and exception of misjoinder have been specifically presented and argued in brief of defendants’ counsel.
After careful examination of the record we are of the opinion that the matter can be determined upon the basis of the plea of prescription, and accordingly, we address ourselves to a consideration of that defense.
The rules governing redhibitory actions and providing the prescriptive periods applicable are found under Section 3, 'Chapter 6, Title 7 of the Civil 'Code beginning with Article 2520. We note below the articles which are pertinent to a consideration of the plea of prescription.
“Article 2520. Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.”
“Article 2534. The redhibitory action must be instituted within a year, at the *313 farthest, commencing from the date of the sale.
“This limitation does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser.”
“Article 2545. The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of the price and repayment of the expenses, is answerable to the buyer in damages.”
“Article 2546. In this case, the action for redhibition may be commenced at any time, provided a year has not elapsed since the discovery of the vice.”
In connection with Articles 2545 and 2546 above quoted, we point out that we have set them forth and take note of them only because there are some references' in briefs tO' their provisions. However, we observe that neither article is applicable to the case before us, inasmuch as Article 2545 clearly applies only to actions in which not only the restitution of the price but repayment of expenses and damages are claimed by the ¡buyer. And the first words of Article 2546 “[i]n this case” relate to this nature of action. The matter before us does not involve features of damages or expenses, and therefore falls under Article 2520, supra.
Plaintiff resists defendants’ plea of prescription, and invokes the limitation provided in Article 2534, supra. In support of his position he asserts the seller’s knowledge of the existing vice and his neglect to make declaration of said vice to the purchaser. This defense, as well as the plea itself, must be determined upon the ¡basis of the facts set forth in the pleadings and adduced on trial.
Reference to plaintiff’s petition discloses that the refrigerating unit in question was purchased from defendants on September 24, 1948, for a total price and consideration of $575, and that defendants warranted the replacement of any defective part or parts for a period of five years from date of said purchase. Plaintiff does not allege any mechanical defects or vices but predicates his claim to relief on the ground that the unit was unfit and completely unsatisfactory for its intended purpose. The unfitness was alleged to have been due to the condensation of moisture on the inner walls of the unit and the resultant dripping of water upon the floor of petitioner’s home. Other complaints were that the unit defrosted by reason of the excessive condensation or because of the formation of ice. Summing up all the complaints, plaintiff, in effect, contends that the temperature was either too low or too high for the proper preservation of food and that the unit was a source of continual annoyance and inconvenience.
The unit in question comprises two compartments, the lower of which was a freezing locker and the upper a refrigerating unit. No complaint is made nor cause for complaint established with respect to the freezing compartment, and it is only with respect to the refrigerating unit that plaintiff complains.
As above stated plaintiff purchased the unit on September 24, 1948, and almost immediately, that is, within a period of days, the unsatisfactory operation as above set forth was noted. According to plaintiff’s testimony defendants installed a new switch three weeks after the purchase, but this appears to1 have been the only replacement made over a period of more than a year. Again, accepting plaintiff’s testimony, it appears that after the installation of the switch no further repairs were made or attempted on the part of defendants until the early part of March, 1950. About this time the situation appears to have reached a crisis and since the condition could not be corrected by defendants, despite their utmost efforts, suit was instituted on June 8, 1950. It is apparent from this recital of facts, even allowing a considerable margin for error on the part of plaintiff’s earliest dates, that from some time in October or November in 1948 until March, 1950 no repairs were attempted. Despite some conflict in testimony we think these facts are well established.
But plaintiff now urges that the prescriptive period of one year did not ¡begin to run until defendants had made their last efforts to correct the vice and defects, in March and April of 1950. As authority counsel cites A. Baldwin Sales Co., Inc. v. *314 Mitchell, 174 La. 1098, 142 So. 700, 703, in which the court held that a plea of prescription was not well founded because the defects “could not have been definitely-known to defendant until plaintiff abandoned its attempt to remedy them.”
This principle is not applicable in the instant case because the defects were of such nature and character as are well established to have been known to this plaintiff immediately after the purchase of the unit. Further, as above pointed out, more than a year elapsed between the time of the first efforts made by defendants to obviate the defects and the last attempts of a similar nature.
We point out that the vices or defects here under consideration were of the nature described by Article 2520 of the Civil Code as rendered the use of the article “inconvenient and imperfect”.
Again it is urged on 'behalf of plaintiff that the plea of prescription is without merit by reason of the fact that defendants had knowledge of the vices and defects and neglected to declare it to the purchaser. This is purely and simply a question of fact which, if established, would bring the matter under the contemplation of the limitation abrogating the prescriptive period set forth in Article 2534 of the Civil 'Code, supra. We think plaintiff has failed to establish this fact, and, on the contrary, the evidence materially preponderates in favor of defendants’ directly opposed contentions.
The testimony shows that one of the emphasized features of the Frostair product was the moist wall type of refrigeration. The literature furnished plaintiff at the time of his purchase, contained in a descriptive handbook and operating manual, made particular point of this feature. True, plaintiff testifies that he did not read this literature but- certainly this neglect cannot be attributed to defendants.
Pursuing the reason for the failure or imperfections which contributed to the unsatisfactory operation of the unit, we note the uncontroverted testimony of the defendant, Roland Gremillion, to the effect that the excessive sweating or condensation or collection of moisture was due to the damp climate which had not been taken into proper consideration by the manufacturer. Grievous as was this fault and the' resultant inconvenience to plaintiff, certainly defendants cannot be charged with knowledge thereof. Again we observe that the uncon-tradicted testimony of the witness named is that he gave plaintiff and other purchasers the benefit of all the information and knowledge in his possession and concealed nothing. As a practical proposition it would not appear to be within reason to charge an appliance dealer with a scientific and technical knowledge which apparently was not even possessed by the manufacturers of the product itself.
This finding, in our opinion, effectively serves to negate the limitation of prescription which may be invoked in those cases where the seller has knowledge of a vice and neglects to- make declaration thereof to the purchaser.
In Dugue v. Safety Oil Burners, Inc., La.App., 142 So. 161, the court refused to sustain a plea of prescription because it found as a fact that the seller had knowledge of the vice. Furthermore, the court commented on the fact that the seller’s guarantee against mechanical defects for a period of five years extended the prescriptive period within which the plaintiff had a right to bring an action of redhibition.
The same plea of .warranty might be urged here, inasmuch as the record contains' a written five-year warranty agreement in favor of plaintiff. In our opinion the warranty is ineffective with respect to-extending the prescriptive period, for two-reasons. First, it is apparent that the warranty was issued by the Frostair Division of the General Tire & Rubber Company of Chicago, Illinois, which is not a party to-this suit. Nowhere does the warranty appear to bind the dealer or seller. Second,, the warranty applies only to “defective factory workmanship or material” and there is not the slightest suggestion in the record of any defect attributable to such cause.
It follows that we must apply the prescriptive period provided in Article 2534 which requires the redhibitory action to be *315 instituted within a year, at the farthest, from the date of sale.
Far more than a year elapsed between the date of sale and the institution of suit, and we are firm in the opinion that the plea of prescription asserted on behalf of ■defendants should be sustained.
In view of the above finding it is unnecessary to consider the exception of mis-joinder.
For the reasons assigned the judgment from which appealed is reversed and set aside and there is now judgment in favor ■of defendants, Gremillion Brothers Implement Company, a partnership, and the individual members thereof, sustaining the plea ■of prescription. It is further ordered, adjudged and decreed that plaintiff’s suit be ■and it is dismissed and his demands rejected at his cost.