McBRIDE, Judge.
Osband Gentris and his wife, Niomi Gentris, filed this action in redhibition against defendant, Lee Roberts, doing business as Furniture and Appliance Center, from whom they purchased an Admiral Consolette Hi-Fidelity instrument on May 4, 1965, for the sum of $367. The Hi-Fi was delivered to plaintiffs’ home the same day. Plaintiffs signed a negotiable promissory note in an amount which includes the purchase price, carrying charges, and $77.05 claimed to have been previously paid by them. The note was negotiated by defendant to Acceptance Corporation of Louisiana, Inc., which is the holder thereof in due course, and plaintiffs allege that that company is making demand on them for the amount of $497.05.
Plaintiffs allege that the Hi-Fi, upon delivery, did not function properly; that they immediately advised defendant and he dispatched a repairman to their home, who found a faulty crystal in the instrument, which crystal he removed and did not replace until January 25, 1966; that from that time in spite of repeated demands, defendant has failed to make the Hi-Fi function properly. Plaintiffs prayed for a moneyed judgment against defendant for the full amount of the note.
Defendant filed an exception of no cause of action (which was referred to the merits *56 by the trial Judge) and an answer, averring that he replaced the defective crystal as soon as he received it from the factory and that thereafter it worked properly; that no further complaints were made until the Finance Company attempted to collect from plaintiffs payment of the past due installments on their note.
After a trial on the merits, plaintiffs’ suit was dismissed and they have appealed.
In this Court, on October 26, 1967, defendant filed a written plea of prescription of one year and subsequently the matter was argued and submitted for our consideration. C.C.P. art. 2163.
This action was filed on May 20, 1966, and the Hi-Fi was bought by plaintiffs on May 4, 1965; therefore, defendant contends that this redhibitory action is barred by the prescription of one year under R.C.C. art. 2534 providing that where the- seller knows not the vices of the thing, the redhibitory action must be instituted within a year, at the latest, commencing from the date of the sale. This limitation, however, does not apply where the seller had knowledge of the vices and neglected to declare it to the purchaser.
We have carefully analyzed the facts stated in the pleadings and the evidence in the record, and have concluded that the matter can be disposed of on the plea of prescription.
In an earlier statement of the law on the question presented by this plea, the late Judge George W. Hardy, Jr., of the Second Circuit, in Aymond v. Gremillion Bros. Implement Co., 56 So.2d 311, said:
“After careful examination of the record we are of the opinion that the matter can be determined upon the basis of the plea of prescription, and accordingly, we address ourselves to a consideration of that defense.
“The rules governing redhibitory actions and providing the prescriptive periods applicable are found under Section 3, Chapter 6, Title 7 of the Civil Code beginning with Article 2520. We note below the articles which are pertinent to a consideration of the plea of prescription.
“ ‘Article 2520. Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.
“ ‘Article 2534. The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale.
“ ‘This limitation does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser.’ ”
'Plaintiffs contend that the provisions of Article 2534 do not apply for the reason that the evidence discloses that the suit was filed “within one year from the time,” January 25, 1965, “defendant abandoned his attempt to cure the defects in the Hi-Fi set.”
If there was the slightest fact which could justify the conclusion that there was any redhibitory .vice in the instrument, it is certain that the seller had no knowledge of such defect or vice.
In fact, when the first complaint was received by the seller, a minor adjustment was made, and the record convinces us that no further complaint was made until several months later when it was found that the malfunction of the instrument was due to a broken crystal, which crystal is so subject to possible damage by carelessness in operation that the warranty does not include damage to it.
As we have said the seller had no knowledge of any defects at all. Consequently, the plea of prescription is maintained, and plaintiffs’ suit is dismissed; costs in both courts to be paid by plaintiffs.
Judgment rendered.